GROVER *vs.* GOULD & FRINK.

In *declaring* in a court of *limited* and *special jurisdiction* (e. g. the mayor's court of the city of Rochester,) the *consideration* as well as the *promise* in an action of assumpsit, must be averred to have been *within the jurisdiction of the court*, or the declaration will be held bad on error brought.

Where, however, the *indebtedness* for *goods sold and delivered*, is laid to be at the first ward, in the city, &c,, and *within the jurisdiction of the court*, the declaration *after verdict* will be held good; but *it seems*, on special demurrer, it would not be sustained.

ERROR from the mayor's court of the city of Rochester. Gould and Frink brought an action of assumpsit in the mayor's court of the city of Rochester against Grover, and declared that " for that whereas the said defendant on, &c. *at the first ward in the city of Rochester, in the county of Monroe, and within the jurisdiction of this court,* was indebted to the said plaintiffs in the sum of $249, of lawful money, &c., for divers goods, wares and merchandizes by the said plaintiffs before that time sold and delivered to the said defendant, and at the special instance and request of the said defendant ; and being so indebted to the said plaintiffs, the said defendant in consideration thereof, afterwards

to wit, on the same day and year and *at the place aforesaid*, undertook, &c." Next followed a *quantum valebat*, in the usual form, laying the *promise* " on the same day and year, and *at the place aforesaid*." Then a count for work and labor, and materials found, laying the *indebtedness* " on the same day and year and *at the place aforesaid*." After which followed the *money counts*, laying the indebtedness as in the last count. The plaintiffs obtained a verdict, on which judgment was rendered, and the defendant sued out a writ of error.

*E. Darwin Smith*, for plaintiff in error. The mayor's court of Rochester is an inferior court of limited and special jurisdiction, having cognizance only of actions *arising within the city*, of actions against persons who shall have been *inhabitants* for six months before suit brought, and of actions for penalties in the name of the mayor and common council. *Stat. Sess. of* 1834, *p.* 333, § 1. , The error relied on is, that it does not appear by the declaration that the cause of action arose within the city of Rochester, or that the defendant had been an inhabitant for six months before the commencement of the suit. The plaintiffs should have alleged that *the goods were sold*, that the *work was done* and the *money had and received*, &c., within the jurisdiction of the court, as well as that the *promise* was made there. 1 *Chitty's Pl.* 250. 1 *T. R.* 152. 2 *Wilson*, 16. 2 *Ld. Raym.* 1310. 1 *Saund.* 73, *n.* 1. Nothing is to be *intended* within the jurisdiction of an inferior court, the proceedings must show jurisdiction. 1 *Saund.* 74, *b*, *n.* 1. 1 *Bacon's Ab.* 562. 6 *T. R.* 245. 5 *Cranch*, 173, 184.

*C. M. Lee.* The *jurisdiction* being sufficiently averred in the first count, it was unnecessary to make a repetition of the same matter in the subsequent counts, all of which refer to the first ; if, however, the subsequent counts are held defective, the court will permit an amendment on payment of costs.

*By the Court*, NELSON, Ch. J. This being an action brought before an inferior court, there can be no doubt of the rule, that in all such cases it is necessary that every part of that which

constitutes the gist and substance, in other words, the cause of the action, should appear upon the record to be within the jurisdiction of the court; therefore, as it is said, the *consideration* as well as the *promise* itself, must be laid in the declaration to be within the jurisdiction of the court, and the omission is error even after verdict. *Stanman* v. *Davis,* 1 *Salk.* 404, *and note.* 2 *Ld. Raym.* 795, *S. C.* 2 *Wilson,* 16.   1 *T. R.* 151.   *Peacock* v. *Bell & Kendall,* 1 *Saund.* 74, *and note* (1)

Here the plaintiffs have averred that the defendant on the 1st December, &c. *at the first ward in the city of Rochester, &c. and within the jurisdiction of this court,* was indebted to the plaintiff, &c. for divers goods, wares and merchandizes by the said plaintiff before that time sold and delivered to the said defendant, &c., and that he then and there promised, &c.   I admit that the *sale and delivery* of the goods constitute the gist of the action, the *promise* arising by operation of law ; and yet, notwithstanding the literal strictness of some of the cases which has been a subject of regret, I cannot but think that it appears with reasonable certainty that the sale and delivery took place within the jurisdiction of the court.   The declaration would probably have been bad on special demurrer, but after verdict, it should be deemed sufficiently explicit : the place to be regarded as relating to the *sale and delivery* as well as to the *indebtedness.*   It is neither a violation of grammar nor of sound construction of the language in the connexion used, so to understand it.   An ambiguous expression in a declaration is cured by verdict, and must afterwards be taken to have been used in that sense which will sustain the verdict.   1 *Barn. & Cres.* 296. Our statute of amendments is somewhat broader than the English, and many technicalities necessarily regarded in England are here to be overlooked ; though I admit, that if we were bound to construe the declaration, as having omitted altogether the averment of jurisdiction, the defect would not be cured by the verdict.   But the statute affords very strong evidence of the liberal spirit with which pleadings are to be regarded by the courts after trial.

Judgment affirmed.